UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN D. JUSTICE

                    Petitioner,

         -vs-

HAROLD GRAHAM, Superintendent


                    Respondent.


_____

**DECISION AND ORDER**

**No. 09-CV-6054T**

*Pro se* Petitioner John D. Justice ("Petitioner") filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 on February 6, 2009.  Dkt. 1.  In a Decision and Order filed December 30, 2010, the Court denied the petition for a writ of habeas corpus and dismissed the petition.[1]  Dkt. 47.  Presently before the Court is Petitioner's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which was filed on January 21, 2011.  Dkt. 54.  For the reasons that follow, the motion is denied.

Petitioner filed a Notice of Appeal in this case prior to the time he filed his Rule 60(b) motion.[2]  By doing so, "he divested

_____

[1]

In this same Decision and Order, the Court also denied Petitioner's motion to amend the habeas corpus petition, and, in light of the dismissal of the habeas corpus petition, dismissed all remaining pending motions which were rendered moot.  Dkt. 47.

[2]

Two notices of appeal are filed with this Court.  The first Notice of Appeal was filed on January 12, 2011 and the second Notice of Appeal was filed

1

this Court of the ability to grant his Rule 60(b) motion without first obtaining permission from the Second Circuit [.]" <u>Hill v. West</u>, No. 04-CV-6601CJS, 2009 U.S. Dist. LEXIS 98705, at *7 (W.D.N.Y. Oct. 23, 2009). The Court may, however, "entertain and deny a Rule 60(b) motion filed during the pendency of an appeal without disturbing the jurisdiction of the Court of Appeals." <u>Stewart Park and Reserve Coalition</u>, 374 F. Supp. 2d 243, 251 (N.D.N.Y. 2005)(citing <u>Toliver v. County of Sullivan</u>, 957 F.2d 47, 49 (2d Cir. 1992)). To the extent that this Court has jurisdiction to review Petitioner's Rule 60(b) motion, it is denied. In this regard, the applicable legal principles are clear:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FRCP 60(b)(1)-(6).

---

January 20, 2011. Dkts. 51-52. They appear to be the same document.

Petitioner's application for reconsideration does not satisfy any of the 60(b) requirements. Petitioner's motion is based on the ground that the Court made "significant factual errors" in its December 30, 2010 Decision and Order. Dkt. 54 at 3. However, the Court disagrees that it made such factual errors. Moreover, the Court notes that Petitioner raises, in sum and substance, the same arguments that were previously raised and considered by this Court in denying his motion to amend the habeas corpus petition, the habeas corpus petition itself, and the various motions associated therewith. Having considered all of the facts and circumstances presented, relief under Rule 60(b) is not warranted and Petitioner's Rule 60(b) motion (Dkt. 54) is denied.

Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Petitioner has not made a substantial showing of the denial of a constitutional right.

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438 (1962). Further requests to proceed on appeal in forma pauperis should be directed on motion to the United States Court of Appeals for the Second Circuit in

accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:     February 17, 2011
           Rochester, New York